**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Reginald Brown, #264654, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 4:09-1755-PMD |
| v. ) | |
| ) | |
| ) | |
| McKither Bodison, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon Petitioner Reginald Brown's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that the court dismiss Petitioner's § 2254 petition as being untimely. Petitioner is currently serving a life sentence at the Lieber Correctional Institute, after pleading guilty to charges of murder, criminal conspiracy, and attempted armed robbery on March 2, 2000. Petitioner did not appeal his sentence, and his first application for post-conviction relief was denied by the South Carolina Court of Appeals. After a second application for post-conviction relief was also denied as being successive, Petitioner then filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this court, and in response, Respondent filed a motion for summary judgment, arguing that he is entitled to judgement as a matter of law because Petitioner failed to file his habeas petition within the one-year statute of limitations. The Magistrate Judge conducted a review of the record and recommends that the court grant Respondent's motion for summary judgment. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**STANDARD OF REVIEW**

1.  **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 5 (c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). The court remains mindful that Petitioner is a *pro se* petitioner, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## 2. The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## ANALYSIS

The Magistrate Judge found that the Petitioner's claims were barred by the statute of limitations as outlined in 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) states in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Based on this provision, the statute of limitations begins to run on the date a state prisoner's ability to seek certiorari from the United Sates Supreme Court expires or is denied on direct review, *see Holland v. Florida*, ___ S. Ct. ___, 2010 U.S. LEXIS 4946 (June 14, 2010), but the limitations period is tolled during the time the state prisoner seeks post-conviction relief in state court. § 2244(d)(2).

As already noted, Petitioner did not appeal his conviction and sentence on March 2, 2000; therefore, his conviction became final ten days later, on March 13, 2000, the date on which he could no longer file a notice of appeal for the Court of General Sessions. *See* Rule 203(b)(2), SCACR. The

3

statute of limitations ran for 209 days, until Petitioner filed his first application for post-conviction relief on October 8, 2000. This filing tolled the statute of limitations, and the limitations period remained tolled until July 28, 2006, the date on which the South Carolina Court of Appeals denied certiorari in Petitioner's PCR action and issued a remittitur. Petitioner had 156 days left to file his habeas corpus petition pursuant to 28 U.S.C. § 2254, but he did not file his petition for such relief in this court until June 29, 2009, almost three years later. Based on these dates, the Magistrate Judge found that Petitioner filed his petition after the statute of limitations had expired, and he further found that Petitioner had not presented any evidence to warrant equitable tolling.[1]

In his objections, Petitioner argues that the statute of limitations should have been equitably tolled because he alleges that he is mentally incompetent and that his mental incompetency is an extraordinary circumstance beyond his control, which made the timely filing of his petition an "impossibility." (Objections at 12.) The Supreme Court recently held that the one-year statute of limitations found in 28 U.S.C. § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, ___ U.S. ___, , 2010 U.S. LEXIS 4946, 2010 WL 2346549, at *9 (June 14, 2010) (No. 09-5327). The Court, however, also explained that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id*. at *30 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)

---

[1] Petitioner filed a second application for post-conviction relief on September 8, 2006; however, this second application was dismissed as time-barred and successive. Therefore, its filing did not toll the statue of limitations because it was not a "properly filed" petition under state law. *See* 28 U.S.C. § 2254(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

("Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit."). Circumstances will rarely warrant equitable tolling, and Petitioner carries the burden of showing that he is entitled to such relief. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence")).

Despite Petitioner's argument that his mental incompetence prevented him from knowing when he needed to file a federal habeas petition, the court declines to find that the statute of limitations should be tolled. Besides his self-diagnosis, nothing in the record indicates that Petitioner suffers from a profound mental incapacity, has ever been institutionalized, or determined to be mentally incompetent. Moreover, courts have held that unfamiliarity with the legal process, lack of representation, illiteracy, or excusable neglect of counsel does not constitute grounds for equitable tolling. *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004). Petitioner managed to file two applications for post-conviction relief in state court, and with due diligence, the court believes Petitioner could have filed his § 2254 petition in a timely manner despite any alleged mental incompetence. To accept Petitioner's argument that the statute of limitations should be tolled because of his incompetence at the time he plead guilty to the charges would require the court to find that the limitations period never began to run after his conviction and sentencing.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** Petitioner's § 2254 petition for a writ of habeas corpus with prejudice. This order is not appealable unless a circuit justice or judge issues a certificate of appealability, and a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' as here, a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). After considering Petitioner's motion, it is **FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**July 6, 2010**
**Charleston, SC**

6